UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:22-cv-00023 |
| INTECH TRAILERS, INC. AND FOREST RIVER, INC., | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Motorists Commercial Mutual Insurance Company ("Motorists"), for its Complaint for Declaratory Judgment against inTech Trailers, Inc. ("inTech") and Forest River, Inc. ("Forest River"), states as follows:

1. This Complaint is for declaratory judgment brought pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

## THE PARTIES

2. Motorists is an insurance company organized and existing under the laws of Ohio with its principal place of business in Columbus, Ohio. Motorists is licensed to do business in the State of Indiana, and it is a citizen of Ohio.

3. Defendant inTech is an Indiana corporation with its principal place of business in Nappanee, Indiana. It is a citizen of Indiana.

4. Forest River is an Indiana corporation with its principal place of business in Elkhart, Indiana. It is a citizen of Indiana.

## JURISDICTION AND VENUE

1

5. This matter is a civil action for which the District Court of the United States has original jurisdiction because there exists a diversity of citizenship between the Plaintiff and the Defendants as provided in 28 U.S.C. §1332(a) and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTS RELATING TO THE UNDERLYING ACTION

7. On August 31, 2021, Forest River filed an lawsuit against inTech in the United States District Court, Northern District of Indiana, South Bend Division now pending under Civil Action No. 3:21-cv-645 ("the Underlying Action"). A copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit A.

8. Forest River filed a First Amended Complaint in the Underlying Action on December 9, 2021. A true and accurate copy of the First Amended Complaint in the Underlying Action is attached hereto as Exhibit B.

9. The First Amended Complaint in the Underlying Action states that the lawsuit brought by Forest River is a trademark infringement action for injunctive relief, damages, costs, attorney fees and other relief that may arise out of inTech's alleged knowing and intentional infringement of Forest River's DELLA TERRA trademark and its mountain design trademark (as illustrated in the First Amended Complaint) under the Lanham Act, the Indiana Trademark Act and the common law of Indiana.

10. The First Amended Complaint states that Forest River is a manufacturer of utility trailers and recreational vehicles, among other products, and has built a significant amount of goodwill throughout the recreational vehicle industry and a "loyal customer base."

11. The First Amended Complaint alleges that Forest River began using the Forest River Marks to brand, promote, advertise, market and sell a new line of recreational vehicles termed the DELLA TERRA RVs through East to West, one of First River's unincorporated divisions.

12. The First Amended Complaint states that Forest River extensively promoted, advertised, marketed and sold a number of the DELLA TERRA RVs under the Forest River Marks which it alleges are distinctive and well recognized throughout the industry and by customers in the United States and Canada. It alleged that the Forest River Marks are subject to trademark application serial number 90881645 and the Forest River mountain design is subject to United States Trademark Registration No. 6511442.

13. The First Amended Complaint alleges that inTech is one of Forest River's competitors, located within 30 minutes of Forest River's offices in Elkhart, Indiana, that inTech is knowledgeable of Forest River's RV product line and trademarks and that certain of inTech's leadership have past connections with Forest River.

14. The First Amended Complaint states that, in November 2020, inTech began a campaign to sell a line of recreational vehicles by "confusing customers" into believing that the recreational vehicles were DELLA TERRA RVs, branding the new inTech line as "Terra" and with a new mountain design similar to Forest River's recreational vehicles, trading off the goodwill that Forest River has built in the Forest River Marks.

15. The First Amended Complaint alleges that inTech's use of "Terra" is infringing Forest River's trademark rights in DELLA TERRA, that inTech's use of the mountain design is infringing Forest River's trademark rights in the Forest River Mountain Design and that inTech's use of "Terra" and its new mountain design, combined in composite marks like the Forest River

Marks, causing confusion in the recreational vehicle industry and among consumers in violation of the Lanham Act, Indiana State Law and common law.

16. The First Amended Complaint asserts factual background for the allegations made and specifically references the following Counts:

- Count I – Federal Trademark Infringement, 15 U.S.C. §1114(1)(A)
- Count II – Trademark Infringement under the Lanham Act, 15 U.S.C. §1125(a)(1)(A)
- Count III – Trademark Infringement under I.C. §24-2-1-13
- Count IV – Common Law Unfair Competition

17. The First Amended Complaint differs from the Complaint in that it adds the Count expressed in Count I for Federal Trademark Infringement under 15 U.S.C. §1114(1)(A).

18. The First Amended Complaint requests actual damages, inTech's profits from the sale of the Terra recreational vehicles and use of its infringing mountain design, damages in the amount of corrective advertising costs and treble and/or punitive damages against inTech based upon its intentional, willful, knowing and exceptional infringement, statutory damages, costs and reasonable attorney fees including but not limited to those subject to 15 U.S.C. §1117, pre and post judgment interest, and requests a permanent injunction of inTech and its predecessors and divisions and joint ventures from displaying, copying, distribution, promotion, and/or dissemination of the materials using "Terra", inTech's mountain design, a combination of "Terra" and its mountain design and any other mark that is confusingly similar to the Forest River Marks in connection with the sale of recreational vehicles either in print or online.

19. The First Amended Complaint also requests that the Court direct inTech to recall and deliver for destruction all goods, packaging, advertising and other promotional materials and

to provide an accounting of all recreational vehicles and other products sold or bearing the offending marks that are either currently in inTech's inventory, sold by inTech, taken into inventory by inTech or ordered by or on behalf of inTech and granting other relief.

## INTECH'S TENDER OF THE COMPLAINT TO MOTORISTS

20. On October 15, 2021, inTech notified Motorists of the Complaint and tendered the defense to Motorists. A copy of the letter tendering the defense is attached hereto as Exhibit C.

21. On October 22, 2021, Motorists sent a letter to inTech stating that it would defend the Complaint under a reservation of rights and notified inTech of counsel that Motorists had retained on inTech's behalf to defend the Underlying Action. A copy of the coverage position letter sent by Motorists to inTech is attached hereto as Exhibit D.

22. Later that same day, on October 22, 2021, inTech contacted Motorists, stating that inTech wished to "not afford itself" of the coverage potentially extended under an insurance policy issued by Motorists (described below). A copy of this communication suggesting that inTech was declining the defense offered by Motorists is attached hereto as Exhibit E.

23. On October 29, 2021, Motorists sent an Irrevocable Withdrawal of Tender of Defense and Indemnity/Irrevocable Withdraw of Claim and Irrevocable Withdraw of Waiver of Insurance Coverage document ("Withdrawal and Waiver Agreement ") for consideration by inTech. The proposed waiver document was to be signed and returned by November 12, 2021. A copy of the communication with the proposed withdrawal is attached hereto as Exhibit F.

24. On November 1, 2021, Motorists followed up with inTech's counsel and provided a revised Withdrawal and Waiver Agreement including some revisions proposed by inTech's counsel following correspondence from him of October 30, 2021 but not agreeing to allow a

situation whereby inTech would be able to forgo having the claim be handled by Motorists currently but allowing inTech to maintain the ability to submit the claim at some later time during the litigation. The deadline for a response to the waiver remained as November 12, 2021. A copy of the communication and the revised Irrevocable Withdrawal is attached hereto as Exhibit G.

25. Because no response was received from inTech or its counsel by the deadline of November 12, 2021, Motorists sent correspondence on November 15, 2021 requesting a response and either the executed Withdrawal and Waiver Agreement be returned or Motorists notified that inTech wished to allow Motorists to defend pursuant to the Reservation of Rights acknowledgement letter which had been sent on October 22, 2021. A copy of the communication to counsel for inTech of November 15, 2021 is attached as Exhibit H.

26. On November 19, 2021, Motorists again followed up regarding the execution of the Withdrawal and Waiver Agreement and reminded inTech that the insuring agreement under the Motorists Policy included language that Motorists has the "right and duty to defend the insured against any 'suit' seeking [personal and advertising injury] damages" and that if a claim is made, inTech must "cooperate with us in the investigation or settlement of the claim or defense against the insured.'" The communication from Motorists stated that, unless the Withdrawal and Waiver Agreement was executed and returned by the end of business on November 23, 2021, Motorists would have no choice but to enforce its rights to defend the suit and would instruct counsel to appear in the Underlying Action. A true and accurate copy of the communication made on November 19, 2021 is attached hereto as Exhibit I.

27. Instead of responding or in any way attempting to modify the proposed Withdrawal and Waiver Agreement sent by Motorists, inTech's Dustin Lannan instead attached

a completely different waiver agreement signed unilaterally by inTech. A copy of the unilaterally prepared and signed Waiver Agreement is attached hereto as Exhibit J.

28. Motorists does not agree that the unilaterally prepared and signed Waiver Agreement sufficiently protects the rights of Motorists under the insurance policy referenced below and, as such, requests a declaration by the court that the rights and obligations of Motorists are now extinguished as a result of this Waiver Agreement relating to any and all amendments which have been or may be made in the future or should have been made under the Federal Rules of Civil Procedure for the Underlying Action.

## **THE MOTORISTS POLICY**

29. Motorists issued Policy No. 5000149105 effective November 1, 2020 to November 1, 2021 to inTech ("the Motorists Policy"). A true and accurate copy of the Motorists Policy is attached hereto as Exhibit K.

30. The relevant insuring agreement related to the Underlying Action is the following:

> **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

31. The Motorists Policy also contains the following condition which is relevant for the issues in this matter:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> * * *
>
> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> * * *
>
> c. You and any other involved insured must:
>
> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### COUNT I – DECLARATORY JUDGMENT

32. Motorists requests that the Court determine that the signing of the unilateral Waiver Agreement and/or the e-mail requests prior to the submission of that document specifically and effectively withdraws and waives any claim for coverage under the policy and

eliminates any duty for Motorists to defend this action and bars inTech from seeking coverage at a later time because inTech refused to allow or permit Motorists to exercise the rights which it has under the policy from the outset of the case.

33. In addition, Motorists requests that a declaration be made by the Court that, because the Waiver Agreement expresses the intent of inTech to waive all insurance coverage for the Underlying Action, Motorists be released from any duty to defend and/or indemnify inTech for the Underlying Action at this time or any time in which the Underlying Action or the substance of that Underlying Action is litigated.

34. Conversely, if the Court determines that the Waiver Agreement is not valid and is not inclusive of any and all claims made or that could or should have been made in the Underlying Action, and a potential for indemnity would ever exist, Motorists requests that a declaration be made by the Court that Motorists has the right immediately to defend the Underlying Action on behalf of inTech.

35. In the alternative case of such a finding, to the extent that inTech does not allow and does not cooperate in such a defense by Motorists, Motorists requests a determination by the Court that inTech, as a matter of law, has failed to cooperate, releasing Motorists from any obligations under the Motorists Policy for the Underlying Action.

WHEREFORE, Plaintiff, Motorists Commercial Mutual Insurance Company requests that the Court make declarations regarding the enforceability of the Waiver Agreement and the effect of the Waiver Agreement on Motorists' obligations under the Motorists Policy.

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

By:   *s/ Ginny L. Peterson*
      Ginny L. Peterson, Attorney No. 20305-41
      One Indiana Square, Suite 300
      211 N. Pennsylvania Street
      Indianapolis, IN 46204
      Email: gpeterson@k-glaw.com
      Telephone: (317) 638-4521
      Facsimile: (317) 636-5917
      *Attorneys for Plaintiff*

210801\61708525-1