UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:22-cv-00023-DRL-MGG |
| INTECH TRAILERS, INC., | ) ) | |
| Defendant. | ) ) | |

## STIPULATED JUDGMENT

Plaintiff, Motorists Commercial Mutual Insurance Company ("Motorists") and Defendant, inTech Trailers, Inc. ("inTech"), hereby tender this Stipulated Judgment that resolves the Amended Complaint filed in this action in accordance with the terms set forth below. Having been fully advised in the premises, the Court hereby approves, orders and enters this Stipulated Judgment as follows:

## RECITALS

WHEREAS, on August 31, 2021, Forest River, Inc. ("Forest River") filed a lawsuit against inTech in the United States District Court, Northern District of Indiana, South Bend Division now pending under Civil Action No. 3:21-cv-645 ("the Underlying Action");

WHEREAS, on December 9, 2021, Forest River filed a First Amended Complaint in the Underlying Action;

WHEREAS, Motorists issued Policy No. 5000149105 effective November 1, 2020 to November 1, 2021 to inTech ("the Motorists Policy");

1

WHEREAS, inTech authorized its insurance agency, Gibson Insurance Agency, to notify Motorists of the Underlying Action;

WHEREAS, upon receiving such notice, Motorists evaluated its potential duty and right to defend and indemnify inTech for the Underlying Action;

WHEREAS, Motorists notified inTech that it offered to defend inTech for the Underlying Action under a reservation of rights which also stated that Motorists may have the right to deny in whole or in part a duty to indemnify and may withdraw the defense of the Underlying Action;

WHEREAS, inTech informed Motorists that it did not want Motorists to defend it in the Underlying Action and withdrew the tender of defense;

WHEREAS, on October 29, 2021, Motorists initially prepared and sent an Irrevocable Withdraw of Tender of Defense and Indemnity/Irrevocable Withdraw of Claim and Irrevocable Withdraw of Waiver of Insurance Coverage document ("Withdraw and Waiver Agreement") for consideration by inTech, a copy of which is attached to the Amended Complaint as Exhibit G;

WHEREAS, counsel for inTech suggested certain revisions to the Withdraw and Waiver Agreement which were made and distributed on November 1, 2021, a copy of which is attached to the Amended Complaint as Exhibit H;

WHEREAS, inTech declined to sign the Withdraw and Waiver Agreement and instead submitted to Motorists a unilaterally prepared Waiver Agreement signed by inTech but with no agreement from Motorists, a copy of which is attached to the Amended Complaint as Exhibit J;

WHEREAS, a dispute arose between Motorists and inTech regarding the rights of Motorists to defend the Underlying Action including a control of the defense and any potential duty to indemnify for any judgment in the Underlying Action;

WHEREAS, Motorists has sought a declaration of the parties' rights and obligations with respect to the obligation to defend and the control of the defense in the Underlying Action and any potential duty to indemnify for any judgment in the Underlying Action;

WHEREAS, the parties agree that it is in their respective best interests to resolve the dispute in this action by stipulation to certain rights, obligations and actions going forward.

## STIPULATION

Now, therefore, in consideration of the mutual promises covenants and commitments set forth herein, the sufficiency of which is acknowledged, the parties hereby stipulate and agree as follows:

1. Motorists' right to control defense of the Underlying Action.

Based upon its letter outlining its offer to defend under a reservation of rights, Motorists had the exclusive right to control the defense of the Underlying Action and by the Waiver Agreement, inTech waived any rights to contest Motorists' right to defend inTech in the Underlying Action in the past and in the future.

2. The Construction of the Waiver Agreement.

The Waiver Agreement, a unilateral document, reflects the intent of inTech to not afford itself of any insurance coverage for the Underlying Action. The First Amended Complaint to the Underlying Action was not a substantive one and therefore inTech has waived its right to ask Motorists to defend or in any way indemnify inTech or pay any judgment for the Underlying Action.

3. Future Causes of Action.

inTech is barred from seeking insurance coverage for the Underlying Action.

4. Any Other Actions Brought by Forest River or Any Other Entity against inTech.

The Waiver Agreement applies only to the Underlying Action. It does not apply to any other lawsuits which may be filed by either Forest River or any other entity. Therefore, inTech is not barred from seeking coverage from Motorists for any other lawsuit that might be filed against it. Motorists however reserves the rights to evaluate any lawsuit filed at any time against inTech to determine if insurance coverage applies and Motorists waives no applicable policy language for such a coverage assessment in any policies issued by Motorists to inTech.

5. Retention of Jurisdiction.

The Court retains jurisdiction to resolve any claimed violations of or disputes arising under this Stipulated Judgment, even after this action has been dismissed. This Stipulated Judgment is binding upon the Parties and their respective successors, assigns, officers, members, agents, servants, employees, and attorneys or any other party which otherwise might be bound to the results of this action.

## **SPECIFIC DECLARATIONS OF THIS COURT**

a. The signing of the unilateral Waiver Agreement and/or the email request prior to submission of that document specifically and effectively withdrew and waived any claim for coverage under the Policy and thus eliminates any duty of Motorists to defend the Underlying Action. It bars inTech from seeking coverage at a later time because inTech declined Motorists exercising of Motorists' rights under the Policy from the outset of the Underlying Action.

b. Because the Waiver Agreement expresses the intent of inTech to waive all insurance coverage for the Underlying Action, Motorists is released from any duty to defend and/or indemnify inTech for the Underlying Action at this time or at any time in the future in which the Underlying Action or the substance of that Underlying Action is litigated.

c.	inTech will be forever precluded from seeking insurance coverage under the Policy or any prior or subsequent policy issued by Motorists for any of the claims and allegations set forth in the Amended Complaint in the Underlying Action or which may have been plead and/or asserted within the Amended Complaint in the Underlying Action.

## CONSENT

The parties, by their respective counsel, hereby consent to entry of this Stipulated Judgment, which shall constitute a final judgment and order in this action. The parties further stipulate and agree that entry of this Stipulated Judgment shall constitute a full, complete and final settlement of all claims that were or could have been asserted in this action prior to the entry of this Stipulated Judgment.

In witness whereof, the undersigned have set their hands and seals this 15th day of November, 2022.

*/s/Ginny L. Peterson*
Ginny L. Peterson, #20305-41
KIGHTLINGER & GRAY, LLP
211 N. Pennsylvania Street, Suite 300
Indianapolis, IN  46204
Tel: 317-638-4521
gpeterson@k-glaw.com
*Attorney for Plaintiff, Motorists Commercial Mutual Insurance Company*

Official Representative of Motorists Commercial Mutual Insurance Company

*/s/Ryan M. Fountain*
Ryan M. Fountain
420 Lincoln Way West
Mishawaka, IN 46544
Tel: 574- 258-9296
RyanFountain@aol.com
*Counsel for Defendant, inTech Trailers, Inc.*

Official Representative of inTech Trailers, Inc.

5

**APPROVED and SO ORDERED**, this 18 day of November 2022.

                                                   *s/ Damon R. Leichty*
                                                 United States District Judge
                                                 Northern District of Indiana

**Served electronically on all ECF-registered counsel of record.**